UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHANE LEE ZIMMERMAN,

Plaintiff,

v.

CAUSE NO. 3:19-CV-887-DRL-MGG

MISHAWAKA CITY OF INDIANA,

Defendant.

OPINION AND ORDER

Shane Lee Zimmerman, a prisoner without a lawyer, filed a complaint against the City of Mishawaka alleging that it is liable to him for the actions of one of its officers, Officer Andrew Bauer. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Zimmerman alleges that, on July 16, 2019, Officer Andrew Bauer of the Mishawaka Police Department pulled him over between 7th and 8th Streets in Mishawaka, Indiana. Mr. Zimmerman was placed in handcuffs and removed from the vehicle. While being escorted to Officer Bauer's patrol car, Officer Bauer suddenly tightened the handcuffs so that they cut into Mr. Zimmerman's skin. Officer Bauer then picked Mr. Zimmerman up into the air and slammed him onto the ground, striking him in the face with a closed fist in the process. Officer Bauer threw Mr. Zimmerman into the police vehicle and transported him to the St. Joseph County Jail. In another action, Mr. Zimmerman has sued Officer Andrew Bauer and Mishawaka Police Department. *Zimmerman v. Bauer*, No. 3:19-CV-610-JD-MGG (filed Aug. 6, 2019).

Here, Mr. Zimmerman sues only the City of Mishawaka. Municipalities, however, cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). For liability to attach against a municipality under § 1983, a plaintiff must show that "*deliberate* action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997) (emphasis in original). "Municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Because Mr. Zimmerman does not allege that Officer Bauer used excessive force on him as a result of an official policy or custom established by the City of Mishawaka, he cannot proceed against the city.

Though this complaint does not state a claim, and while it seems unlikely that Mr. Zimmerman will be able to state a claim against the City of Mishawaka based on Officer Bauer's actions on July 16, 2019, it is not possible to definitively say that he could not do so. Therefore, he will be permitted time to file an amended complaint if he believes that he can add additional facts that would demonstrate that his injury was caused by a policy or custom of the City of Mishawaka. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For the reasons set forth above, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to Shane Lee Zimmerman;

(2) GRANTS Shane Lee Zimmerman to and including **December 12, 2019** to file an amended complaint; and

(3) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

November 14, 2019  *s/ Damon R. Leichty*
Judge, United States District Court