UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHANE LEE ZIMMERMAN,

    Plaintiff,

v.      CAUSE NO. 3:19-CV-887-DRL-MGG

MISHAWAKA CITY OF INDIANA,

    Defendant.

OPINION AND ORDER

Shane Lee Zimmerman, a prisoner without a lawyer, filed an amended complaint against the City of Mishawaka and the Mishawaka Police Department alleging that they are liable to him for the actions of one of its officers, Officer Andrew Bauer. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Zimmerman alleges that, on July 16, 2019, Officer Andrew Bauer of the Mishawaka Police Department pulled him over between 7th and 8th Streets in Mishawaka. Mr. Zimmerman was placed in handcuffs and removed from the vehicle. While being escorted to Officer Bauer's patrol car, the handcuffs suddenly tightened so that they cut into Mr. Zimmerman's skin. He pulled away when this occurred. Officer Bauer then picked Mr. Zimmerman up into the air and slammed him onto the concrete ground, injuring his elbow. Officer Bauer then struck him on the left side of the face with a closed fist.

In this action, Mr. Zimmerman names only the City of Mishawaka and the Mishawaka Police Department. In his original complaint, he sued only the City of Mishawaka, and this court explained that municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997); *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Despite being given an opportunity to do so, Mr. Zimmerman does not allege that Officer Bauer used excessive force on him as a result of an official policy or custom established by the City of Mishawaka. Thus, he cannot proceed against the city.

His claim against the Mishawaka Police Department fares no better. The Mishawaka Police Department has no separate legal existence from the City of Mishawaka, and that it is not a suable entity. *See Fain v. Wayne Cty. Auditor's Office*, 388 F.3d 257, 261 (7th Cir. 2004); *Argandona v. Lake Cty. Sheriff's Dep't*, 2007 WL 518799, at *3 (N.D. Ind. 2007); Mishawaka Ordinance § 2-361, available at https://library.municode.com/in/mishawaka/codes/code_of_ordinances. As a result, Mr. Zimmerman cannot proceed against this defendant.

This is not the first time that Mr. Zimmerman has been told that he cannot proceed against the Mishawaka Police Department for this same conduct. In *Zimmerman v. Bauer*, No. 3:19-CV-610-JD-MGG (filed Aug. 6, 2019), Mr. Zimmerman sued both the Mishawaka Police Department and Officer Andrew Bauer. The court explained that the Mishawaka Police Department was not a suable entity when it screened his complaint on August 13, 2019—long before he filed his amended complaint in this action. Furthermore, it is malicious to bring multiple action against the same defendant for the same conduct. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process).

Because the amended complaint does not state a claim, Mr. Zimmerman has already been granted leave to amend once, and he is already proceeding against Officer Bower on an excessive force claim based on the conduct alleged in his amended complaint in *Zimmerman v. Bower*, 3:19-CV-610-JD-MGG (order dated August 13, 2019), this case will be dismissed.

For these reasons, the court DISMISSES this pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED.

January 27, 2020

*s/ Damon R. Leichty*
Judge, United States District Court